IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                  CR. No. 17-370 JCH

IMAD AYSHEH, *also known as*
IMAD MANASSRA, IYAD AYSHEH,
NEDAL AYSHEH, RAED AYSHEH and
NAEL ALI,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This case is before the Court on *Defendants' Joint Motion to Continue the November 28, 2023 Trial Setting*, which they filed on November 6, 2023. [Doc. 369]. The United States has filed its response [Doc. 377], and the Defendants have replied. [Doc. 379].

### BACKGROUND

The Government filed the original indictment six and a half years ago. The Court designated the case as complex [Doc. 67] due to the voluminous amounts of discovery and the complexity of understanding the relationships among multiple businesses and five (at that time) defendants, one of whom was outside the United States. It also includes government records and witnesses from both the United States and the Philippines. All of the four remaining defendants are out of custody on conditions of release. Past continuances have been granted due to various factors, including but not limited to the appointment of new counsel for three of the defendants, the fact that Imad Aysheh resided outside this country, the COVID-19 pandemic, the initiation of a new investigation by the Government resulting in additional discovery and a new scheduling

order, the filing of a superseding indictment, and scheduling conflicts among counsel. Most recently, the Court granted the Government's motion to continue the July 17, 2023, trial setting because the Assistant United States Attorney would be away serving with the national guard.

At a status conference held on October 24, 2023, counsel for defendants expressed concerns about being ready for trial on November 28 due to (1) recent, voluminous discovery disclosures by the government and (2) the fact that two of the four defense attorneys either just finished or were currently engaged in complex, lengthy trials. After that status conference, the Government made additional discovery disclosures. The current motion to continue trial followed.

## DISCUSSION

In weighing whether to grant the requested continuance, the Court must examine: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citing *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)).

Unfortunately, the Court concludes that despite the age of the case it is compelled to grant the motion to continue because the Government's recent actions, in combination with the trial schedules of two of the defense attorneys, jeopardize the defendants' fundamental right to an opportunity to properly prepare for trial. On August 21, September 22, September 27, October 3, and November 2 of 2023, the Government disclosed to defendants a combined total of almost 34,000 pages of discovery. The Government has not explained why, after more than six years of litigation, it has only now provided this discovery in the weeks leading up to trial. The Government has said only that it produced the discovery "shortly after [it] became aware it existed and that it

was in its possession." Doc. 377 at 2 n.2. The Government does not explain why it did not discover sooner that it possessed this information. Shrugging off the challenge that this late and large disclosure poses to the defense, the Government argues that the motion to continue should be denied.

First, the Government contends that the contents of the largest batch of documents it produced is irrelevant because they "do not appear to be related to the Ayshehs nor to the charge they face at trial," and that it merely produced them "out of an abundance of caution." *Id*. at 2. The Court does not find this to be a persuasive reason to deny the motion. While the Government may believe that the documents are of no value to the case, the defendants are not required to accept that representation. To the contrary, counsel for the defendants are ethically obligated to examine all of this discovery and evaluate it for its probative value. However, the efforts of two defendants to review the new disclosures have been significantly hampered by the fact that their counsel have been engaged in trying other complex cases. Counsel for Nedal Aysheh was preparing for and trying a complicated kidnapping and terrorism trial lasted for weeks and ended on October 17, 2023. Meanwhile, counsel for Imad Aysheh was preparing for and trying a weeks-long first-degree murder case outside of this state. That trial ended on November 13, 2023. The Government does not dispute that it was aware of these facts. Thus, the late and voluminous discovery has impeded the ability of at least two of the defendants to review the large number of documents and properly prepare for trial.

Second, the Government cavalierly suggests that a continuance is not necessary because the four defense attorneys could use the "divide and conquer" approach to review the 34,000 pages of new discovery. Again, the Court is not persuaded. The Government overlooks the fact that while some collaboration among defense counsel (such as in drafting joint motions) is appropriate, each

of the defense lawyers owes his or her client a thorough review of all discovery in the case. This duty cannot be delegated to lawyer representing a different party.

Third, the Government argues that it produced the documents in a manner to aid review. Doc. 377 at 4. They assert that by saving the .pdf pages in batches with file names signaling the contents of the file, they have saved the defendants time. *Id*. at 2. They also argue that some of their production is a redisclosure of documents previously disclosed in order to correct a Bates numbering error. *Id*. at 3. However, defendants point out that the Government has not provided them with the Bates numbers for the previously produced discovery, forcing them to search for those documents or start anew with the latest disclosure.

Finally, the Government contends that moving the trial date would inconvenience several of its witnesses and the Government itself. Specifically, it states that one of its witnesses is coming from the Philippines, and her visa expires on January 3, 2024. According to the Government, getting a visa extension or an entirely new visa would cause it inconvenience. Defendants respond that it too has witnesses whose visas will need to be extended, but they argue that "[t]here is no reason to believe that this ministerial task cannot be accomplished in time" for the new trial setting. Doc. 379 at 6. They also point out that visa extensions are a government function and therefore within the control of the United States. *Id*. The Court agrees with the defendants.

In summary, the Court concludes that the defendants have been reasonably diligent in seeking the continuance in light of the Government's massive disclosure at the eleventh hour and two of their attorneys' busy trial schedules. The need for the continuance is acute; to deny it would be to deny all of the defense counsel the opportunity to review the 34,000 pages of new discovery and adequately prepare for trial. The continuance is highly likely to solve this problem because it would allow time for proper trial preparation. And finally, the inconvenience to the Government

and its witnesses is relatively slight when weighed against the fundamental right to a fair trial, and when one considers that it was the Government which through its own actions created the need for the continuance in the first instance.

For all the foregoing reasons, the Court concludes that the ends of justice are served by granting the continuance, and that those ends outweigh the best interests of the public and the defendants in a speedy trial.

**IT IS THEREFORE ORDERED** that *Defendants' Joint Motion to Continue the November 28, 2023 Trial Setting* is **GRANTED** and the current trial setting on November 28, 2023, is **VACATED**.

_____
**UNITED STATES DISTRICT JUDGE**