IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                  CR. No. 17-370 JCH

IMAD AYSHEH, *also known as*
IMAD MANASSRA, IYAD AYSHEH,
NEDAL AYSHEH, RAED AYSHEH and
NAEL ALI,

      Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS IN LIMINE**

Defendants have filed three joint motions in limine [Docs. 353, 358, and 359]. The Court will address them in the order in which they were filed.

**I.**      **Motion in Limine to Exclude Texts and Emails Between Eric Shapira and Agent Stanford**

Defendants move [Doc. 353] to exclude texts and emails between Dr. Eric Shapira, who purchased jewelry from Defendant Raed Aysheh, and Agent Russell Stanford. The communications in question contain Shapira's account of certain statements by Defendants Raed and Iyad Aysheh, as well as photographs of jewelry and watches. The Defendants argue that the statements in the emails are offered for their truth and therefore constitute inadmissible double hearsay. They also contend that the statements are testimonial because Shapira made them in the context of Agent Stanford's investigation, which makes them testimonial. Therefore, Defendants argue that they have a Sixth Amendment right to confront and cross-examine Shapira before his statements may be admitted into evidence. Finally, they contend

that if the out of court statements are admitted, it should be only through Mr. Shapira's in-court testimony.

In response, the Government agrees that the texts and emails between Stanford and Shapira are currently inadmissible (though it asserts that might change at trial). To that extent, Defendants' motion will be granted. However, the Government asserts that the photographs contained within those texts and emails are admissible as non-hearsay because they are not "statements" under Rule 801(a). It also points out that the Court has already concluded that Raed Aysheh's statements to Shapira are admissible statements of a party opponent under Rule 801(d)(2)(E) and are admissible against the other defendants as co-conspirator statements. Doc. 227 at 19. Defendants did not reply to these arguments. The Court agrees with the Government that the photographs are admissible non-hearsay. It also agrees that the statements that Raed and Iyad allegedly made to Shapira are admissible statements of a party opponent, provided that Shapira testifies about them in court.

Finally, the Government argues that certain statements in text messages from Shapira to Raed Aysheh are admissible. It proposes admitting into evidence a text string that redacts communications from Raed, leaving only statements by Shapira that the Government contends show Shapira's state of mind. Defendants did not reply to this argument. There are three statements in question. The first is an assertion of Shapira's desire to buy a particular necklace, earrings, and ring. The second is Shapira's statement that once he receives a price, he plans to first make a deposit along with subsequent payments. The third statement is one of thanks to Raed for the "work of art" Shapira intends to purchase.

Rule 803(3) of the Federal Rules of Evidence provides an exception to the hearsay rule permitting admission of "[a] statement of the declarant's then-existing state of mind, emotion,

sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3). "The essence of the state of mind exception is that there are circumstantial guarantees of trustworthiness attendant to a statement that reflects a then existing mental, emotional or physical condition." *United States v. Rodriguez-Pando*, 841 F.2d 1014, 1019 (10th Cir. 1988) (citation omitted). The Court agrees with the Government that the first two of Shapira's statements within the proposed redacted text string satisfy the requirements of Rule 803(3) because they show his intent to buy the jewelry and his plan to pay for it in a particular way. The third statement shows Shapira's state of mind when he communicated about the jewelry insofar as it shows his then-existing belief that the jewelry was a "work of art." Accordingly, the redacted text string is admissible.

Defendant's motion will be granted in part and denied in part has described herein.

## II. Motion in Limine to Preclude Government from Eliciting 'Victim Impact' Testimony at Trial

Defendants request an order in limine prohibiting the government from presenting victim impact testimony. Doc. 358. This includes evidence of the impact on Native American artists stemming from importation of Native American-style jewelry from overseas. Defendants argue that such evidence is irrelevant to the question of whether they are guilty of the crimes charged in the superseding indictment, and that it is more unfairly prejudicial than probative. In its response [Doc. 353], the government agrees with these arguments. It also states that it will advise its expert witness, Liz Wallace, that she may not offer at trial any opinions on the effects of the importation of Indian-style jewelry on Native American artists. Doc. 353 at 2.

Accordingly, the motion in limine will be granted. Victim impact evidence will not be admitted into evidence at trial.

### III. Motion in Limine to Preclude Government from Eliciting Testimony Regarding Meaning, History, and Purpose of Statutes and Regulations

Defendants have moved the Court for an order *in limine* prohibiting the government from eliciting testimony regarding the meaning, history, and purpose of statutes and regulations in this case, particularly the Indian Arts and Crafts Act, 18 U.S.C. § 1159, and 19 U.S.C. § 1304, which requires country of origin markings on imported goods. Defendants argue that to allow such testimony would usurp the role of the Court as the sole arbiter of the law and its applicability. Doc. 359 at 2-3. The government does not oppose the motion [Doc. 366], provided that all parties be prohibited from presenting this type of evidence.

Accordingly, the motion in limine will be granted. No party will be permitted to elicit testimony regarding evidence regarding the history, meaning, purpose, or applicability of statutes and regulations in this case.

**IT IS THEREFORE ORDERED** that:

(1) *Motion in Limine to Exclude Texts and Emails Between Eric Shapira and Agent Stanford* [Doc. 353] is **GRANTED IN PART** and **DENIED IN PART** as described herein;

(2) *Defendants' Joint Motion in Limine to Preclude Government from Eliciting "Victim Impact" Testimony at Trial* [Doc. 358] is **GRANTED**; and

(3) *Defendants' Joint Motion in Limine to Preclude Government from Eliciting Testimony Regarding Meaning, History, and Purpose of Statutes and Regulations* [Doc. 359] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**