IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                CR. No. 17-370 JCH

IMAD AYSHEH, *also known as*
IMAD MANASSRA, IYAD AYSHEH,
NEDAL AYSHEH, RAED AYSHEH and
NAEL ALI,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This case is before the Court on numerous motions in limine filed by the Government, which the Court discusses in turn.

      **I.**     **United States' Motion in Limine to Preclude Evidence and Argument About Lawfulness of Recording Procedures Used by Government Investigators [Doc. 343]**

      In this motion, the Government seeks a pretrial ruling prohibiting evidence and argument that government agents acted contrary to both California state law and U.S. Fish and Wildlife Service ("USFWS") internal procedures investigators to obtain undercover audio and video recordings that the Government plans to offer into evidence. These include recordings of conversations between Defendant Raed Aysheh and undercover agents posing as jewelry customers in which Raed allegedly displayed and offered for sale Philippine-manufactured jewelry

in a way that falsely suggested it was Native American-made in violation of 18 U.S.C. § 1159.[1] The Government plans to call the agents to the witness stand to authenticate the recordings, which were made in Calistoga, California. Defendants have not moved to suppress the recordings under the Fourth Amendment's exclusionary rule. However, at various points in pretrial litigation they have questioned whether the agents violated California law and/or their own agency's internal policies when they made the recordings. In support of its motion in limine, the Government contends that: (1) evidence of whether or not such violations occurred is not relevant to whether the Defendants committed the charged offenses, and (2) the federal agents were not required to follow California state law; (3) the only colorable argument for excluding the recordings would be an alleged violation of the Constitution or other federal law, which the Defendants have not raised; (4) if the Court has concerns about whether the agents complied with the USFWS policy, that matter should be determined at a pretrial evidentiary hearing so that the jury is not distracted by a discussion of USFWS internal procedures; and (5) the evidence should be excluded under Rule 403.

In response [Doc. 376], Defendants argue that they should be permitted to use the evidence of the investigators' failure to follow California law and USFWS policies because it amounts to "cheating." As such, Defendants posit that the agents' failure to follow the rules is admissible to impeach their credibility/honesty. They reason that Fed. R. Evid. 608(b) allows Defendants to ask the investigators about this matter because it is probative of the agents' character for truthfulness or untruthfulness. In addition, Defendants contend that they can use the evidence to impeach the investigators' competence. Defendants argue that the investigators' "sloppy" investigative work is

---

[1] The Court has already held that these are admissible co-conspirator statements. Doc 227 at 10-11, 16-17.

relevant to whether the investigators could accurately track specific pieces of jewelry, among significant quantities of other jewelry, and tie them to specific statements by Raed Aysheh. Defendants oppose the request for a pretrial evidentiary hearing because "if the result of such a hearing in limine were that the law or the procedure was not followed, the defendants would be put in the position of having to perform a cold re-enactment of that impeachment in front of the jury, without any spontaneity and after the witnesses have had time to improve on their answers." Doc. 376 at 7. Defendants assert that under the Confrontation Clause, they have a constitutional right to explore this credibility issue in front of a jury.

Defendants' argument, as least as it pertains to the California law, presumes that federal agents investigating a federal crime are obligated to follow a state criminal law limiting the recording of conversations without the consent of all parties. However, Defendants have not provided the Court with any authority suggesting that USFWS agents were bound by state law during their investigation of federal crimes. Accordingly, the Court cannot infer that the agents' failure to do so was improper "cheating" or that it reflects on their character or competence. To that extent, the motion will be granted.

With regard to the assertion that USFWS agents violated internal agency policies in their investigation, the record currently contains no concrete arguments or evidence. It is not clear what policies the Defendants are referring to or how the agents may have violated them. As a result, the Court is not in a position to assess this argument. This portion of the motion will be denied without prejudice because the record lacks adequate information to support a ruling.

II. **United States' Motion in Limine to Preclude Inadmissible Character Evidence [Doc. 345]**

In its *Motion in Limine to Preclude Inadmissible Character Evidence* [Doc. 345], the Government essentially asks the Court to follow the Federal Rules of Evidence. It contends that Defendants should be permitted to offer testimony about their reputations for being law-abiding persons, or opinion evidence regarding that trait, but also should be prohibited from offering evidence of specific instances of good character. The Government does not point to any specific testimony or evidence that it believes should be excluded. The Defendants object [Doc. 371] to the motion on this basis. The Court agrees with the Defendants. It will follow the Rules of Evidence at trial, but it cannot assess the admissibility of evidence in advance without knowing what that evidence is. For that reason, the motion will be denied.

III. **United States' Motion in Limine to Preclude Inadmissible Evidence Regarding Law Enforcement Investigation [Doc. 346]**

The Government asks the Court for an order prohibiting Defendants from questioning witnesses, offering evidence, arguing to the jury, or other wise commenting … on the quality and integrity of the federal investigation . . ." Doc. 346 at 1. First, the Government points out that Iyad Aysheh has hinted in the past that he would have a retired USFWS supervisor testify about the investigative shortcomings in the case, but he has not filed a notice of expert testimony for any such witness. In their response, Defendants did not mention a witness or otherwise respond to this argument. Thus, the Court infers that Defendants do not intend to call a retired USFWS supervisor and that this portion of the motion is moot.

Citing *United States v. McVeigh*, 153 F.3d 1166 (10th Cir. 1998) and the district court decision in *United States v. Perrault*, Cr. No. 17-2558 MV, 2019 WL 1375666 at *2, the

Government asks the Court to restrict the defense from introducing such evidence unless it points to "a specific failure of the government investigation that is tethered to a relevant issue. . . . in that it brings into question the reliability of a specific piece of evidence procured through the government's investigation." Doc. 346 at 2 (quoting *Perrault*, 2019 WL 1375666 at *2)). In response, Defendants contend that the holding in *McVeigh* is narrower than the Government represents, that the motion lacks specificity, and that the Court can evaluate the evidence and argument on a case-by-case basis during trial. Doc. 372 at 3.

The Government has not sufficiently developed a record upon which the Court can make an informed pretrial ruling. As the Government acknowledges, there are occasions in which the quality of an investigation may be relevant. The Court therefore cannot make a blanket, broad exclusion at this time prohibiting Defendant from questioning witnesses or otherwise offering any evidence at trial about the quality of the government's pretrial investigation. Accordingly, the motion will be denied. This ruling does not prevent the Government from making objections at trial to specific questions or evidence that pertain to the quality of its investigation.

### IV. Motion in Limine to Preclude Evidence of Legal Dispute Between Defendant Nedal Aysheh and Navajo Jewelry Artist Calvin Begay [Doc. 347]

The Government moves to exclude evidence of a contractual dispute between Defendant Nedal Aysheh and Calvin Began, a Navajo jewelry maker and designer. It is undisputed that Begay had a contract with one or more Defendants to design jewelry for them, and that it stated: "All designs created by or with the cooperation, assistance or input of Begay during the term of this Agreement shall forever belong to [Nedal Aysheh's company]." *See* Doc. 196-1 at ¶ 2. However, at some point the business relationship broke down. In particular, Begay's attorney sent a cease-and-desist letter to Nedal Aysheh's lawyer demanding that he stop "using any designs, references,

likenesses, trademarks, or in any other manner, the name 'Calvin Begay' in any retail or wholesale marketing of Indian jewelry or similar products." The Government does not move to exclude evidence of the contract itself, but rather of the dispute arising from the contract. It argues that the evidence should be excluded as irrelevant under Rule 401 and under Rule 403 because it would cause unfair prejudice, confuse the issues, mislead the jury, and waste time. The Government does not explain why this is the case other than to note that under federal regulations, to qualify as an "Indian product," an art or craft product must be exclusively the result of the labor of one or more Indians. Doc. 347 at 2.

In response, Defendants argue that Begay breached his contract with the Ayshehs, and that this breach is relevant to their defense for two reasons. First, they contend that evidence of the business relationship between Defendants and Begay shows that Nedal was hiring and compensating a Native American artist for his designs, and that this in turn is relevant to Nedal's understanding of his right to use those designs. They argue that this is goes to Nedal's intent to violate the Indian Arts and Crafts Act. Second, Defendants contend that Begay's breach of contract and subsequent dispute with the Defendants are relevant to his credibility and potential bias. They argue that the contractual dispute gives context to his testimony, in which Defendants anticipate Begay will cast himself as a victim of Defendants' business practices.

Based on the foregoing, the Court agrees that evidence of the contractual dispute between Begay and Defendants is relevant to both Nedal's intent and Begay's credibility. Accordingly, the Government's motion will be denied.

**V.     United States' Motion in Limine to Preclude Defendants' Self-Serving Hearsay Statements from Evidence at Trial [Doc. 348]**

The Government intends to offer the testimony of U.S. Customs and Border Protection ("CBP") agents regarding unrecorded, incriminating statements made by Imad Aysheh. Doc. 348 at 1. After the *James* hearing, the Court ruled that the evidence was admissible against Imad as the statements of a party opponent under Rule 801(d)(2)(A). Doc. 227 at 7-8, 16. The Government also intends to offer recordings of statements made by Raed Aysheh to USFWS agents during the search of his store in Calistoga, California. *Id*. at 2. The Government states that it will provide Defendants with a list of those statements before trial so they may assess them for compliance with the rule of completeness. *Id*.

In the present motion, the Government seeks an order prohibiting Defendants from offering other portions of those conversations that they contend are "self-serving" on the grounds that they are inadmissible hearsay under Fed. R. Evid. 801 and 802. Doc. 348 at 1. The Government does not identify the self-serving statements it seeks to exclude. However, it does acknowledge that under the Rule of Completeness, Fed. R. Evid. 106, the defendants may be entitled to elicit other portions of the statement in order to avoid misleading the jury. Under that rule, the admissibility of such evidence depends on "whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) ensures fair and impartial understanding of the evidence." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (internal citations and quotations omitted).

The Court agrees with the Defendants that the motion is too vague to enable the Court to rule on the admissibility of any particular statement. The Court will take up the admissibility of

Defendants' "exculpatory" statements at trial by assessing whether those statements fulfill the requirements of Rule 106. Accordingly, the motion will be denied.

## VI. Government's Unopposed Motions

The Government has moved [Doc. 349] for permission to present testimony from Special Agent Russell Stanford and Special Agent Zachary Oper in installments. The Government states this would allow it to present the evidence to the jury in a more organized and understandable fashion. Defendants do not object [Doc. 392], though they reserve their right to object if the testimony becomes cumulative or otherwise violates the rules of evidence. Accordingly, the motion will be granted.

The Government has also filed a motion to admit email records [Doc. 354] from two addresses, imadsjewelry@yahoo.com and iyadsjewelry@yahoo.com. The Government argues that the emails are authentic, and that they are all either admissible non-hearsay or admissible under an exception to the hearsay rule. Defendants do not object. [Doc. 391]. Accordingly, this motion also will be granted.

**IT IS THEREFORE ORDERED** that:

(1) *United States' Motion in Limine to Preclude Evidence and Argument About Lawfulness of Recording Procedures Used by Government Investigators* [Doc. 343] is **GRANTED IN PART and DENIED IN PART** as described herein;

(2) *United States' Motion in Limine to Preclude Inadmissible Character Evidence* [Doc. 345] is **DENIED**;

(3) *United States' Motion in Limine to Preclude Inadmissible Evidence Regarding Law Enforcement Investigation* [Doc. 346] is **DENIED**;

(4) *Motion in Limine to Preclude Evidence of Legal Dispute Between Defendant Nedal Aysheh and Navajo Jewelry Artist Calvin Begay* [Doc. 347] is **DENIED**;

(5) *United States' Motion in Limine to Preclude Defendants' Self-Serving Hearsay Statements from Evidence at Trial* [Doc. 348] is **DENIED**;

(6) *United States' Motion in Limine for Permission to Present Evidence from Certain Witnesses in Installments* [Doc. 349] is **GRANTED**;

(7) *United States' Motion in Limine to Admit Email Records* [Doc. 354] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**