IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                           CR. No. 17-370 JCH

IMAD AYSHEH, *also known as*
IMAD MANASSRA, IYAD AYSHEH,
NEDAL AYSHEH, RAED AYSHEH and
NAEL ALI,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendants' *Joint Motion for Grand Jury Instructions and for Certain Grand Jury Transcripts* [Doc. 281]. The Government filed a response [Doc. 291], and Defendants filed their reply [Doc. 298]. Essentially, the Defendants argue that there is a lack of evidence to support the charges against them, which suggests that the government did not properly instruct the grand jury on the elements of conspiracy. Doc. 281 at 2. They contend that they have a particularized need for the instructions in order to confirm that their constitutional right to a grand jury was violated and to establish the basis for a potential motion to dismiss the indictment.[1] Defendants also request transcripts of any testimony before the grand jury bearing on the question of whether Defendants had an agreement to violate the law.

---

[1] At the time Defendants filed their motion, the original three-count indictment charged all four Aysheh defendants with conspiracy to commit six different object crimes relating to their business of manufacturing jewelry in the Philippines, importing it to the United States, and selling it here, allegedly in violation of various customs laws, statutes prohibiting mail fraud, wire fraud, and money laundering, and the Indian Arts and Crafts Act. It also charged Iyad Aysheh and Naed Ali in separate counts with violating 18 U.S.C. § 1159. On July 13, 2023, the

## **LEGAL STANDARD**

There is presumption of regularity that attaches to grand jury proceedings. *Hamling v. United States*, 418 U.S. 87, 129 n. 23 (1974). As a result, parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. *Douglas Oil Co. of Cal. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979); *United States v. Combs*, 60 Fed. Appx. 198, 199 (10th Cir. 2003) (quoting *In re Lynde*, 922 F.2d 1448,1451-52 (10th Cir. 1991)). "[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and [] the burden of demonstrating this balance rests upon the private party seeking disclosure." *Douglas Oil*, 441 U.S. at 223.

## **DISCUSSION**

Defendants correctly point out that conspiracy is a specific intent crime that requires proof that two or more defendants agreed to violate the law. Doc. 281 at 3. Defendants then argue that after the *James* hearing in this case, it is evident that the "government never had any evidence of an agreement as to how the jewelry was to be displayed or described" and therefore no evidence of an agreement to violate the law. Doc. 281 at 3. They contend that the failure of the government to produce such evidence at the *James* hearing, along with the fact that the grand jury returned an indictment, constitutes particularized proof that the government must not have correctly instructed the grand jury on the essential elements of conspiracy. Regarding their burden of proof under *Douglas Oil*, *supra*, Defendants argue first that they need the grand jury

---

government filed a narrower superseding indictment [Doc. 324]. It charges Defendants with a conspiracy to violate the Indian Arts and Crafts Act and to fraudulently import jewelry without an indelible country-of-origin marking.

materials to avoid the injustice of being denied their right to a grand jury. Doc. 281 at 5. Second, they contend that the need for disclosure outweighs the need for continued secrecy, which has been attenuated by the passage of more than six years since the grand jury proceedings took place, by the fact that the alleged offenses are non-violent, and because the defendants are not in the District of New Mexico. They contend that these factors mean that providing the requested material would not discourage individuals with information from coming forward in future cases. Doc. 281 at 5-6. Third, Defendants argue that their request, which extends to grand jury instructions and "any grand jury testimony bearing on the element of 'agreement to violate the law'" is narrow. Doc. 281 at 6.

As the government points out, this Court has held that there is evidence from which one may infer that the Defendants entered into an agreement had the requisite criminal intent to violate the law. In two previous Memorandum Opinions and Orders [Doc. 227 at 13-15 and Doc. 307], the Court concluded that at a *James* hearing the government had proven the existence of a conspiracy by a preponderance of the evidence. Accordingly, the Defendants have failed to show a particularized need for the grand jury materials as required by *Douglas Oil*.

Defendants' reliance [Doc. 298 at 2-4, 7] on *United States v. Rahseparian*, 231 F.3d 1257 (10th Cir. 2000) is unavailing. That case, like this one, involved family members charged with a conspiracy to commit certain white-collar crimes. After a jury trial the Tenth Circuit held that there was insufficient evidence to convict the defendant, concluding that the jury could not reasonably infer beyond a reasonable doubt that defendant knew his sons' telemarketing business was unlawful. *Id*. at 1262. Defendants compare the evidence in *Rahseparian* to the evidence in this case and conclude that under *Rahseparian* this Court must find that the evidence before the grand jury could not have supported probable cause.

Defendants fail to address the difference between the heavy burden of proof beyond a reasonable doubt faced by the prosecutor in *Rahseparian* and the much less demanding requirement of probable cause that applies to grand juries. The Supreme Court "has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). The probable cause inquiry "turns on an 'assessment of probabilities' and inferences, not on proof of specific criminal conduct beyond a reasonable doubt or even by a preponderance of the evidence." *United States v. Martin*, 426 F.3d 68, 76 (2d Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). "Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence ... have no place in the [probable-cause] decision." *Gates*, 462 U.S. at 235.

Based upon the evidence presented at the hearing and discussed in prior rulings, the Court concludes that a grand jury could reasonably find probable cause to issue the superseding indictment in this case. Accordingly, there is no need to provide the Defendants with the grand jury materials to avoid the injustice of being denied their right to a grand jury, and the motion will be denied.

**IT IS THEREFORE ORDERED** that Defendants' *Joint Motion for Grand Jury Instructions and for Certain Grand Jury Transcripts* [Doc. 281] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**